UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **STERNE, AGEE & LEACH, INC.,** } | |
| } | |
| Plaintiff, } | |
| } | |
| vs. } | **CASE NO. 2:09-cv-1750-SLB** |
| } | |
| **JAMES B. FELLUS,** } | |
| } | |
| Defendant. } | |

**MEMORANDUM OPINION**

This case is currently before the court on plaintiff-petitioner Sterne, Agee & Leach, Inc.'s ("Sterne Agee") Verified Complaint and Petition for Order Compelling Arbitration in Accordance with Terms of Agreement to Arbitrate, (Doc. 1), as well as its Motion for Preliminary and Permanent Injunction, (Doc. 2).[1] Also before the court is defendant James B. Fellus's ("Fellus") *pro se* Objection to Sterne Agee's Petition and Motion to Dismiss, (Doc. 9). Upon consideration of the record, the submissions of the parties, and the relevant law, the court finds that Sterne Agee's Petition for Order Compelling Arbitration in Accordance with Terms of Agreement to Arbitrate, (Doc. 1), is due to be granted, and its Motion for Preliminary and Permanent Injunction, (Doc. 2), is due to be denied as moot. Fellus's Motion to Dismiss, (Doc. 9), is due to be denied.

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an employment dispute between Sterne Agee, an investment brokerage firm headquartered in Birmingham, Alabama, and Fellus, a former employee of Sterne Agee and a citizen of New York. (Doc. 1 at ¶¶ 1-2, 7.) Sterne Agee initially hired Fellus, effective January 1, 2006, to serve as a Senior Managing Director for its fixed income capital markets division in New York City. (*Id.* at ¶ 7.) The parties agreed to set out the terms and conditions of Fellus's employment in an Employment Agreement (the "Employment Agreement"), which would subsequently control Fellus's employment at Sterne Agee. (*Id.*)

The Employment Agreement provided for an initial five-year term that would terminate on December 31, 2010, "subject to earlier termination pursuant to Section 6" of the Employment Agreement. (*Id.* at ¶ 8.) Section 6(a) of the Employment Agreement allowed Sterne Agree to terminate Fellus prior to December 31, 2010, "for 'Good Cause.'" (*Id.*, Ex. A at Ex. 1, § 6(a).) Section 6(b) defined what constituted "Good Cause." (*Id.*, Ex. A at Ex. 1, § 6(b).) The Employment Agreement also contains an arbitration provision (the "Arbitration Provision"), including a forum selection clause (the "Forum Selection Clause"), which provides in pertinent part that:

> This [Employment] Agreement shall be governed by and interpreted in accordance with the laws of the State of Alabama, without regard to the conflict of laws provisions thereof, and the rules of the National Association of Securities Dealers, Inc. ("NASD"). Each of the parties hereby agrees that any action or proceeding arising out of this Agreement shall be brought only before an arbitration panel before the NASD, and each of the parties hereby unconditionally submits to and accepts the jurisdiction of the aforesaid arbitration panel. Each of the parties hereby irrevocably

>waives any objection it may have to the laying of the venue of any such action or proceeding before a NASD arbitration panel located in the County of Jefferson, City of Birmingham, State of Alabama, or in the alternative, the City of Atlanta, State of Georgia in the event no NASD panel is available in Birmingham, Alabama.

(*Id.*, Ex. A at Ex. 1, § 12(a).)

Dissatisfied with Fellus's performance, Sterne Agee, on April 9, 2008, terminated the Employment Agreement, citing a failure by Fellus "to meet the required revenue target." (*Id.* at ¶ 9.) In response, on January 8, 2009, Fellus initiated arbitration proceedings against Sterne Agee before the Financial Industry Regulatory Authority ("FINRA"), (*id.* at ¶¶ 4 & n.1, 12), which succeeded the NASD in July of 2007, *see, e.g.*, About Finra, http://www.finra.org/AboutFINRA/index.htm (last visited Apr. 2, 2010). Upon receiving Fellus's Statement of Claim, a FINRA Case Assistant Manager notified Sterne Agee that it was a named party in the arbitration, directed Sterne Agee to file a Statement of Answer, and informed Sterne Agee that FINRA had set Memphis, Tennessee as the anticipated hearing location. (Doc. 1, Ex. B, Ex. 1 at 1-3.)

Thereafter, Fellus, through counsel,[2] requested that FINRA change the hearing location from Memphis, Tennessee, to New York, New York. (*Id.*, Ex. B, Ex. 1 at 1.) As support, Fellus argued (i) that he "is a resident of New York," (ii) that he "was employed by [Sterne Agee] at all times during his employment at [Sterne Agee's] New York office," (iii) that "[t]he transactions that gave rise to the allegations set forth in the Statement of Claim

---

[2] Although Fellus is proceeding *pro se* in the instant case, Jonathan Sack and the law firm of Sack & Sack represent Fellus in the underlying arbitration. (*See generally* Doc. 9; *see also* Doc. 1, Ex. B, Ex. 2 at 1.)

occurred in New York," (iv) that he "has become re-employed in another firm in New York," (v) that his "attorneys are located in New York," and (vi) that "[a]ll documents and evidence in this action are located in New York." (*Id.*, Ex. B, Ex. 2 at 1.) Sterne Agee likewise requested that FINRA change the hearing location; however, Sterne Agee asked that FINRA change the hearing location to Birmingham, Alabama, or, in the alternative, Atlanta, Georgia. (*Id.*, Ex. B, Ex. 4 at 1.) As support, Sterne Agee asserted, *inter alia*, that Fellus had entered into an Employment Agreement with Sterne Agee, which contains a Forum Selection Clause. (*Id.* at 1-2.) Sterne Agee pointed out that the clause provides that any arbitration would occur in Birmingham, Alabama, or, in the alternative, Atlanta, Georgia. (*Id.*) After considering Fellus and Sterne Agee's filings, FINRA changed the hearing location from Memphis, Tennessee to New York, New York. (*Id.*, Ex. B at Ex. 5.) And, although FINRA did not offer any reason for the decision,[3] it did inform both parties that either "may file a motion and response directed to the New York arbitration panel for a determination on the final hearing location." (*Id.*)

As expected, Sterne Agee filed a Motion to Change Hearing Location, again arguing, *inter alia*, that the parties had entered into a valid Forum Selection Clause, which provides

---

[3] The FINRA Case Assistant Manager had earlier stated that FINRA would select the initial hearing location based on section 13213 of the Code of Arbitration Procedure for Industry Disputes (the "Industry Code"), noting that the Director of Arbitration would consider "1) [w]hich party initiated the transactional [sic] at issue; 2) [t]he location of witnesses and documents; and 3) [t]he relative hardship of a party's travel to a location." (*See* Doc. 1, Ex. B, Ex. 1 at 3 & n.7.) However, it is necessary to point out that section 13213 of the Industry Code actually requires the Director of Arbitration to consider 1) "[t]he parties' signed agreement to arbitrate, if any;" 2) "[w]hich party initiated the transaction or business in issue; and" 3) "[t]he location of essential witnesses and documents." *See* FINRA Industry Code Rule 13213 (2007).

4

for arbitration in Birmingham, Alabama, or, in the alternative, Atlanta, Georgia. (*Id.*, Ex. B, Ex. 6 at 1-3.) In response to Sterne Agee's motion, Fellus claimed that the Forum Selection Clause was "unreasonable and unjust," especially because FINRA had already chosen New York, New York as the hearing location. (*Id.*, Ex. B, Ex. 7 at 1-2.) Fellus also reasserted the factors that favored New York as the forum, maintained that because Sterne Agee was already arbitrating related matters in New York that it would not be prejudiced by arbitrating his claim in New York as well, and lastly insisted that he would be prejudiced by arbitrating the matter outside of New York, particularly because changing the hearing location might delay the hearing date for the arbitration. (*Id.* at 3-7.) Thereafter, claiming that Fellus's response "contain[ed] many erroneous assertions," Sterne Agee filed a Motion to File Reply in Support of Motion to Change Hearing Location, and attached a reply brief as Exhibit A. (*Id.*, Ex. B at Ex. 8.) Nevertheless, and while it did not provide explicit reasons for its ruling, the FINRA panel, on July 1, 2009, denied Sterne Agee's Motion to Change Hearing Location.[4] (*Id.*, Ex. B, Ex. 9 at 1.) The FINRA panel also entered a Scheduling Order, which reserved April 26 through April 28, 2010, and May 5 through May 6, 2010, as dates for the arbitration hearing. (*Id.*, Ex. B, Ex. 10 at 2.)

Given the FINRA panel's ruling, Sterne Agee, on August 31, 2009, filed the instant Verified Complaint and Petition for Order Compelling Arbitration in Accordance with Terms

---

[4] It is unknown whether the FINRA panel considered the reply brief attached to Sterne Agee's Motion to File Reply in Support of Motion to Change Hearing Location. (*See generally* Doc. 1, Ex. B at Ex. 9.)

of Agreement to Arbitrate, (Doc. 1), as well as a corresponding Motion for Preliminary and Permanent Injunction, (Doc. 2). Thereafter, on January 21, 2010, Fellus entered an appearance and filed, *pro se*, an Objection to Sterne Agee's Petition and Motion to Dismiss.[5] (Doc. 9.) Subsequently, on January 25, 2010, the court entered a briefing schedule with respect to Sterne Agee and Fellus's filings, requiring that the parties file any briefs in opposition by February 15, 2010, and setting March 1, 2010 as the due date for any reply briefs. (Doc. 10.) Sterne Agee responded by filing its Brief in Opposition to Defendant's Motion to Dismiss on February 15, 2010, (Doc. 10), whereas Fellus did not file a response.

## II. DISCUSSION

In its Verified Complaint and Petition for Order Compelling Arbitration in Accordance with Terms of Agreement to Arbitrate, (Doc. 1), Sterne Agee reasserts that it and Fellus entered into an Employment Agreement that contains a valid Forum Selection Clause; Sterne Agee maintains that the clause requires the parties to arbitrate any disputes arising out of the Employment Agreement before FINRA (formerly the NASD), mandates that the arbitration take place in Birmingham, Alabama, or, in the alternative, Atlanta, Georgia, and

---

[5] While Fellus, in his Objection to Sterne Agee's Petition and Motion to Dismiss, represents that in support of his position he has attached his attorneys' brief in opposition to Sterne Agee's Motion to Change Hearing Location, as well as the FINRA panel's corresponding decision denying the motion, Fellus's Objection to Sterne Agee's Petition and Motion to Dismiss does not include any attachments. (*See generally* Doc. 9.) Nevertheless, because Sterne Agee has attached the brief and the FINRA panel's decision to its Verified Complaint and Petition for Order Compelling Arbitration in Accordance with Terms of Agreement to Arbitrate, (*see* Doc. 1, Ex. B at Exs. 7 & 9), the oversight is unproblematic.

further specifies that the law of Alabama will govern the proceedings, (*id.* at ¶¶ 23-27). Sterne Agee argues that the FINRA panel's July 1, 2009 Order, which declared that the arbitration would proceed in New York, New York, "is in clear violation of the parties' valid and enforceable forum selection clause." (*Id.* at ¶ 24.) Sterne Agee therefore asks that this court, pursuant to section 4 of the Federal Arbitration Act (the "FAA"), enter an order that "(a) compels Fellus to arbitrate in accordance with the terms of the [Arbitration Provision and Forum Selection Clause]," "(b) preliminarily and permanently enjoins Fellus from proceeding with the arbitration hearing in New York City," and "(c) [grants] such further and additional relief as may be necessary and proper to effectuate enforcement of the agreement to arbitrate between Sterne Agee and Fellus." (*Id.* at 8.)

It is well settled that the FAA embodies an "unquestionably strong federal policy favoring arbitration," *Blinco v. Green Tree Serving LLC*, 400 F.3d 1308, 1311 (11th Cir. 2005) (citing *Moses H. Cone Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983), and for that reason courts must "'rigorously enforce agreements to arbitrate,'" *Honig v. Comcast of Ga. I, LLC*, 537 F. Supp. 2d 1277, 1282 (N.D. Ga. 2008) (quoting *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987)). Section 4 of the FAA vests district courts with the requisite authority to do so, providing in pertinent part that:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. . . . The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply

7

>   therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.  The hearing and proceedings, under such agreement, shall be within the district court in which the petition for an order directing such arbitration is filed.  If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof.  If no jury trial be demanded by the party alleged to be in default . . . the court shall hear and determine such issue. . . .

9 U.S.C. § 4.

Section 4 of the FAA "[n]ot only . . . pertain[s] to a party's refusal to arbitrate, but courts have interpreted § 4 to extend to situations in which a party fails to arbitrate in accordance with the terms of the arbitration agreement."  *Linsco/Private Ledger Corp. v. Maurice*, No. 3:07-0183, 2007 WL 869720, at *3 (M.D. Tenn. Mar. 21, 2007) (citing *Merrill Lynch, Pierce, Fenner& Smith, Inc. v. Lauer*, 49 F.3d 323, 327 (7th Cir. 1995)); *see also Redman Home Builders Co. v. Lewis*, 513 F. Supp. 2d 1299, 1311 (S.D. Ala. 2007) (holding that § 4 of the FAA extends to disagreements over the selection of the arbitrator).  Indeed, the United States Court of Appeals for the Eleventh Circuit has specifically held that § 4 authorizes district courts "to enforce a forum selection clause in a valid arbitration agreement that has been disregarded by the arbitrators."[6]  *Sterling Fin. Inv. Group v. Hammer*, 393 F.3d

---

[6] However, a district court's jurisdiction under § 4 of the FAA is not unlimited; as the district court in *Linsco* recognized, "where the arbitration agreement contains a forum selection clause, **only the district court in the selected forum** can issue a § 4 order compelling arbitration in that forum." 2007 WL 869720, at *4 (citing *Mgmt. Recruiters, Int'l, Inc. v. Bloor*, 129 F.3d 851, 854 (6th Cir. 1997); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer*, 49 F.3d 323, 327 (7th Cir. 1995); *Snyder v. Smith*, 736 F.2d 409, 419-20 (7 th Cir. 1984); *Bao v. Gruntal & Co.*, 942 F. Supp. 978, 983 (D.N.J. 1996); *Alpert v. Alphagraphics Franchising, Inc.*, 731 F. Supp. 685, 689 (D.N.J. 1990); *Mgmt. Recruiters of Albany, Inc. v. Mgmt. Recruiters Int'l, Inc.*, 643 F. Supp. 750, 752 (N.D.N.Y. 1986); *Lawn v. Franklin*, 328 F. Supp. 791, 793 (S.D.N.Y. 1971)).  Therefore, this court has the authority to compel arbitration in Birmingham, Alabama.

1223, 1225 (11th Cir. 2004). In *Sterling Financial Investment Group v. Hammer*, the Eleventh Circuit considered an appeal regarding an employment dispute between a stockbroker and its former employee. *Id.* at 1223-24. The former employee had appealed a district court's order that stayed arbitration proceedings in Houston, Texas, and compelled the parties to arbitrate their dispute in Boca Raton, Florida, pursuant to a forum selection clause. *Id.* In affirming the district court's order, the Eleventh Circuit followed the United States Court of Appeals for the Second Circuit, reiterating that "[w]here there is a valid agreement for arbitration, Congress has directed the district courts to order that arbitration proceed in accordance with the terms of the agreement." *Id.* at 1225 (quoting *Bear, Stearns & Co. v. Bennett*, 938 F.2d 31 (2d Cir. 1991)) (internal quotation marks omitted). And, while the Eleventh Circuit noted that the former employee had raised arguments on appeal regarding the validity of the agreement, the court refused to entertain the arguments because the former employee failed to raise them before the district court. *Id.* at 1226. So, finding no issue as to the validity of the agreement, the Eleventh Circuit held that "[t]he district court properly exercised its jurisdiction pursuant to section 4 of the [FAA] in staying arbitration in Houston, Texas, and compelling arbitration in Boca Raton, Florida." *Id.*

In the instant case, Fellus does not contend that the Arbitration Provision is altogether invalid, and has indeed submitted the dispute to arbitration. (*See* Doc. 9 at 1.) Instead, Fellus maintains, as he did in the underlying arbitration, that the Forum Selection Clause contained in the Arbitration Provision is unenforceable. (*Id.* at 3-4) Specifically, Fellus argues that this court should not overturn the FINRA panel's July 1, 2009 Order, and insists that arbitration

outside of New York would be "unreasonable and unjust." (*See id.*)  Sterne Agee responds that the court should overturn the FINRA panel's Order, and asserts that the Arbitration Provision, as well as the Forum Selection Clause contained therein, are both valid and enforceable.  (Doc. 11 at 2-8.)

"Forum selection clauses in contracts are enforceable in federal courts." *P & S Bus. Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).  In fact, "such clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Bremen*, 407 U.S. at 10 (footnote omitted); *see also Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) ("Forum-selection clauses are presumptively valid and enforceable unless the [party resisting enforcement] makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-95 (1991))); *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir. 2006) ("[U]nless it is clearly shown that enforcement would be unreasonable and unjust, forum-selection clauses will be enforced.") (citation and internal quotations omitted).  The Eleventh Circuit has recognized four grounds for invalidating a forum selection clause:

> A forum-selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy.

*Krenkel*, 579 F.3d at 1281 (citing *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285,

1290-91 (11th Cir. 1998)).[7] Therefore, given the presumptive validity of forum selection clauses, unless Fellus "makes a 'strong showing' that enforcement would be unfair or unreasonable" based on one of the grounds recognized by the Eleventh Circuit, *see id.* (citation omitted), this court must "make an order directing the parties to proceed to arbitration in accordance with the [Arbitration Provision and Forum Selection Clause]," *see* 9 U.S.C. § 4; *Sterling*, 393 F.3d at 1225-26.

In his Objection to Sterne Agee's Petition and Motion to Dismiss, Fellus raises two arguments: (1) that this court should not overturn the FINRA panel's decision to hold the arbitration proceedings in New York because the panel did not "manifestly disregard the law," and (2) that enforcement of the Forum Selection Clause would be "unreasonable and unjust."[8] (Doc. 9 at 3-4.) The court will address each argument in turn.

---

[7] Alabama law involves a substantially similar approach:

[I]t [is] well established that [a forum selection] clause will be "upheld unless the party challenging the clause clearly establishes that it would be unfair or unreasonable under the circumstances to hold the parties to their bargain." The showing is sufficient where it is clearly established "'(1) that enforcement of the forum selection clause [] would be unfair on the basis that the contract [] [was] affected by fraud, undue influence, or overweening bargaining power *or* (2) that *enforcement would be unreasonable on the basis that the chosen . . . forum would be seriously inconvenient for the trial of the action.*'" "Inconvenience" sufficient to void a forum-selection clause is present where a "trial in that forum would be so gravely difficult and inconvenient that the challenging party would effectively be deprived of his day in court."

*Ex parte Leasecomm Corp.*, 886 So. 2d 58, 62-63 (Ala. 2003) ( internal citations omitted).

[8] It is important to note that Fellus has not argued that the Forum Selection Clause was induced by fraud or overreaching, that the chosen law would deprive him of a remedy, or that its enforcement would somehow contravene public policy. (*See generally* Doc. 9; Doc. 1, Ex. B at Ex. 7.) In fact, according to Sterne Agee, "[b]oth Fellus and his counsel in the underlying arbitration

11

## A. FELLUS'S ARGUMENT THAT THE FINRA PANEL DID NOT MANIFESTLY DISREGARD THE LAW

Regarding Fellus's initial argument, that this court should effectively abstain from reviewing and overturning the FINRA panel's decision because the panel did not "manifestly disregard the law," (Doc. 9 at 3), the court disagrees. Particularly, as Sterne Agee correctly states, "the standard is not manifest disregard of the law," which applies when a court reviews an arbitration award, because "this Court is not being asked to review an arbitration panel's *award*."[9] (Doc. 11 at 4.) Instead, under § 4 of the FAA, the correct standard requires a federal district court first "'to determine whether the parties agreed to arbitrate the dispute,'" *Becker v. Davis*, 491 F.3d 1292, 1298 (11th Cir. 2007) (quoting *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004), and second "to determine 'whether legal constraints external to the parties' agreement foreclosed arbitration,'" *id.* at n.8 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth Inc.*, 473 U.S. 614, 628 (1985)). So long as the parties agreed to arbitrate, and assuming the agreement's validity and enforceability, where arbitrators have nonetheless disregarded the agreement, § 4 of the FAA unambiguously requires district courts to enter an order "directing the parties to proceed to

---

case were involved in the negotiation of the Employment Agreement and the selection of the hearing location." (Doc. 3 at 6.) Fellus has not disputed this assertion.

[9] What's more, as Sterne Agee again correctly notes, several courts, including the United States Court of Appeals for the Fifth Circuit, have recently held that "manifest disregard is no longer an independent ground for vacating arbitration awards" in light of the United States Supreme Court's holding in *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587-88 (2008), that the FAA provides the exclusive grounds for vacatur. (Doc. 11 at 4 n.2 (citing *Citigroup Global Markets, Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009)).)

12

arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4; *see also Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) ("By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." (citing 9 U.S.C. §§ 3-4)); *see also Sterling*, 393 F.3d at 1225-26 (holding that "a federal district court . . . has jurisdiction to enforce a forum selection clause in a valid arbitration agreement that has been disregarded by arbitrators"). Fellus's initial argument is therefore without merit.[10]

### B. FELLUS'S ARGUMENT THAT THE FORUM SELECTION CLAUSE IS UNREASONABLE AND UNJUST

With respect to his second argument, that "any change in [h]earing location would be both 'unreasonable and unjust,'" Fellus has raised two underlying considerations. (*See* Doc. 9 at 3-4; Doc. 1, Ex. B, Ex. 7 at 1-7.) First, Fellus maintains that changing the hearing location would be "unreasonable and unjust" because "th[e] matter has already been decided by FINRA and . . . any change would result in further delay." (Doc. 9 at 4.) Second, Fellus

---

[10] Furthermore, Fellus's claim that this court should defer to the FINRA panel's decision because "[t]he FAA confers upon FINRA the power and jurisdiction to make procedural decisions . . . provided the [p]anel does not manifestly disregard the law," (Doc. 9 at 3), is likewise unpersuasive. As one district court recently pointed out, "whether the parties' binding forum selection clause should be enforced" "is a 'gateway dispute'" to be determined by federal district courts pursuant to § 4, "not a procedural matter that should be left for the arbitrator." *Linsco*, 2007 WL 869720, at *7; *see also Bennett*, 938 F.2d at 32 (rejecting the argument that the "situs of suit" should be determined by the arbitrators rather than the district court), *cited with approval in Sterling*, 393 F.3d at 1225.

13

alleges that changing the hearing location would also be "unreasonable and unjust" because factors relevant to transferring venue under 28 U.S.C. § 1404(a) favor New York as the forum.[11] (*See id.*; Doc. 1, Ex. B, Ex. 7 at 3-4.) The court finds neither argument to be persuasive.

Regarding the first argument, as stated above, the Eleventh Circuit made clear in *Sterling* that § 4 of the FAA vests district courts with the requisite jurisdiction "to enforce a forum selection clause in a valid arbitration agreement that has been *disregarded* by the arbitrators." *Sterling*, 393 F.3d at 1225 (emphasis added); 9 U.S.C. § 4. Simply put, Fellus's argument that it is "unreasonable and unjust" for this court to exercise that jurisdiction, on the ground that the arbitrators have already decided against enforcing the Forum Selection Clause, is in direct conflict with *Sterling*, as well as the plain meaning of § 4.[12] Indeed, as

---

[11] Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." 28 U.S.C. § 1404(a).

[12] To be sure, Fellus does argue that *Sterling* is distinguishable from the instant case, pointing out that in *Sterling*, "no Panel had been formed and no arbitration ruling had been made." (Doc. 9 at 3.) For that reason, Fellus claims that the Second Circuit's opinion in *D.H. Blair*, 462 F.3d 95, is on point. (Doc. 9 at 3-4.) The court disagrees. Initially, that FINRA has formed an arbitration panel and set a hearing location is irrelevant with respect to this court's jurisdiction under § 4 of the FAA. Indeed, nothing in the plain language of § 4 indicates that the formation of an arbitration panel and/or the selection of a hearing location divests or otherwise limits a district court's jurisdiction under the statute, *see* 9 U.S.C. § 4, and Fellus has not provided any authority suggesting otherwise, (*see generally* Doc. 9). The court therefore finds Fellus's argument that *Sterling* is distinguishable to be without merit. Additionally, Fellus's reliance on *D.H. Blair*, the only authority he cites, is likewise unpersuasive because in *D.H. Blair*, the Second Circuit considered a petition to confirm in part and vacate in part an arbitration award, *see* 462 F.3d at 100, whereas here FINRA has yet to consider the merits of the parties' dispute, (*see* Doc. 1, Ex. B at Ex. 10). What's more, as Sterne Agee correctly notes, (Doc. 11 at 6), in *D.H. Blair*, the Second Circuit actually disagreed with the parties who argued that enforcing a forum selection clause "would be unreasonable and unjust," and instead held the clause to be valid and enforceable, *see* 462 F.3d at 103-04.

one district court recently noted, if arbitration proceedings are already pending, it is only after the arbitrators have had the opportunity to consider a forum selection clause, and only after the arbitrators have set a hearing location different from the forum provided in the clause, that district courts should exercise their authority under § 4 to consider the issue. *See Linsco*, 2007 WL 869720, at *7 (denying motion for preliminary injunction and for order compelling arbitration in part because the party seeking relief had failed to file a motion with the NASD arbitration panel). And, while Fellus is perhaps correct that a change in the hearing location may cause further delay, the inconvenience resulting from such delay would not, without more, deprive Fellus of his day in court. *See Krenkel*, 579 F.3d at 1281. In addition, Fellus is substantially responsible for any delay by seeking to arbitrate in New York, rather than in the forum he previously agreed upon when executing the Employment Agreement, especially considering Fellus agreed to "irrevocably waive any objection [he] may have to [that forum]." (*See* Doc. 1, Ex. A at Ex. 1, § 12(a).) Thus, as Sterne Agee argues, "whatever 'inconvenience' Fellus would suffer [by a change in the hearing location] was 'clearly foreseeable at the time of contracting.'" (Doc. 11 at 7.); *see also Bremen*, 407 U.S. at 17-18 (enforcing forum-selection clause in part because "[w]hatever 'inconvenience' [the party resisting enforcement of the clause] would suffer by being forced to litigate in the contractual forum as it agreed to do was clearly foreseeable at the time of contracting"). As a result, Fellus's first argument is unavailing.

With respect to Fellus's second and final argument, that changing the hearing location would be "unreasonable and unjust" because of factors related to § 1404(a), Fellus asserts

15

that he "is a resident of New York," that he "was employed by [Sterne Agee] at all times . . . at [its] New York office," that "[t]he transactions that gave rise to the allegations set forth in the Statement of Claim occurred in New York," that "[a]ll documents and evidence . . . are located in New York," and that he and his attorneys are currently located in New York. (*See* Doc. 9 at 3-4; Doc. 1, Ex. B at Ex. 7.) For these reasons, Fellus contends that this court should not enforce the Forum Selection Clause, and instead should allow the situs of the arbitration to remain in New York. (*See* Doc. 9 at 3-4.) Again, the court finds the argument to be unpersuasive.

Initially, it remains undisputed that Fellus voluntarily entered into the Employment Agreement, and further that he, with aid of counsel, participated in the negotiation of the Arbitration Provision and Forum Selection Clause. *See supra* note 8. Thus, as the Supreme Court stated in *Bremen*, because "it can be said with reasonable assurance that at the time [Fellus] entered the contract, . . . [that he] contemplated the claimed inconvenience, it is difficult to see why any such claim of inconvenience should be heard to render the forum clause unenforceable." *See* 407 U.S. at 16. What's more, although factors relevant to transferring venue under § 1404(a) could potentially demonstrate "that enforcement [of a forum selection clause] would be unfair or unreasonable under the circumstances," none of the considerations proffered by Fellus show that he would be "deprived of his day in court" by this court's enforcement of the Forum Selection Clause.[13] *See Krenkel*, 579 F.3d at 1281;

---

[13] In addition, as Sterne Agee points out, some of the factors relevant to transferring venue pursuant to § 1404(a) favor Birmingham, Alabama as the forum, including "the fact that Sterne Agee

*see also P & S Bus. Machs., Inc.*, 331 F.3d at 807 ("The financial difficulty that a party might have in litigating in the selected forum is not a sufficient ground by itself for refusal to enforce a valid forum selection clause." (citing *Bonny v. Soc'y of Lloyd's*, 3 F.3d 156, 160 n.11 (7th Cir. 1993))); *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989) (recognizing that "when weighing whether transfer is justified under section 1404(a), a choice of forum clause is 'a *significant* factor that figures *centrally* in the District Court's calculus," and that "while other factors might 'conceivably' militate against a transfer, [the Supreme Court has made clear] that the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors" (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29-31 (1988)) (internal citations and footnote omitted); *Orix Fin. Servs., Inc. v. Murphy*, 9 So. 3d 1241, 1247 (Ala. 2008) (holding that distance from Alabama to New York, without more, is insufficient to hold a forum selection clause unenforceable).

Simply put, and as stated above, Fellus has the burden to "make[] a 'strong showing' that enforcement [of the Forum Selection Clause] would be unfair or unreasonable" based on one of the four grounds recognized by the Eleventh Circuit, *see Krenkel*, 579 F.3d at 1281 (citing *Lipcon*, 148 F.3d at 1290-91), yet Fellus has offered no authority to support his

---

is headquartered in Alabama, and its counsel live in Alabama, and numerous witnesses to matters . . . live in Alabama." (Doc. 3 at 13.) Sterne Agee also alleges that "there are just as many . . . documents located in Birmingham, Alabama, as there are in New York City, if not more." (*Id.*) And again, the Forum Selection Clause, which "constitutes the overriding consideration, . . . virtually eliminat[ing] other *forum non conveniens* considerations," *Triad Sys. Fin. Corp. v. Stewart's Auto Supply, Inc.*, 47 F. Supp. 2d 1332, 1336 (N.D. Ala. 1999) (citing *Skyline v. RDI/Caesars Riverboat Casino*, 44 F. Supp. 2d 1337 (N.D. Ala. 1999)), unambiguously provides that venue will lie "before a [FINRA] arbitration panel located in [Birmingham, Alabama], or in the alternative, [Atlanta, Georgia]," (Doc. 1, Ex. A at § 12(a)).

position, *see supra* note 12, and has alleged nothing "to show that [arbitration] in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court," *see Bremen*, 407 U.S. at 18. As a result, the court finds that Fellus has failed to satisfy his burden, and therefore Sterne Agee's Verified Complaint and Petition for Order Compelling Arbitration in Accordance with Terms of Agreement to Arbitrate, (Doc. 1), is due to be granted, and Fellus's Motion to Dismiss, (*see* Doc. 9), is due to be denied.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that Sterne Agee's Petition for Order Compelling Arbitration in Accordance with Terms of Agreement to Arbitrate, (Doc. 1), is due to be granted, its Motion for Preliminary and Permanent Injunction, (Doc. 2), is due to be denied as moot, and Fellus's Motion to Dismiss, (Doc. 9), is due to be denied. An Order in conformity with this Memorandum Opinion will be entered contemporaneously.

**DONE**, this the 16th day of April, 2010.

*/s/ Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE